NOT FOR PUBLICATION (Doc. No. 22)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| PATRICIA HIPPLE and CHARLES HIPPLE, | |
| Plaintiffs, | Civil No. 09-2892 (RBK/AMD) |
| v. | **OPINION** |
| TAMI L. HARRON, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This is a personal injury case stemming from an automobile accident. Defendant Tami L. Harron was driving while intoxicated and rear-ended a vehicle that Plaintiff Patricia Hipple was driving. Plaintiffs sued for personal injuries and punitive damages. Defendant now moves for partial summary judgment denying Plaintiffs' claim for punitive damages. (Doc. No. 22). Because the undisputed facts can support the conclusion that Defendant's conduct was "willful and wanton," the Court denies Defendant's motion for partial summary judgment.

## I.    BACKGROUND

On June 16, 2007, at approximately 2:00 a.m., Mrs. Hipple was driving in Middle Township, New Jersey. As Mrs. Hipple approached a traffic light, Defendant crashed into the rear of her vehicle. Defendant was arrested following the crash and charged with driving while intoxicated, reckless driving, and possession of an open container containing an alcoholic beverage. Defendant took a breathalyzer test and her blood alcohol content was .14, which was well over the legal limit of .08. Mrs. Hipple drove her vehicle from the scene. Mrs. Hipple's

vehicle sustained approximately $2,700 in damage.  The police report from the accident indicates that Mrs. Hipple sustained no injuries as a result of the accident and received no emergency medical treatment at the scene.

Plaintiffs filed the Complaint in June 2009 alleging that Mrs. Hipple sustained an L4-5 disc herniation with lumbar radiculopathy as a result of the accident.  The Complaint includes claims by Mrs. Hipple for negligence, negligence per se, and recklessness.  Mr. Hipple asserts a claim for loss of consortium based on Mrs. Hipple's alleged injuries.  Plaintiffs seek compensatory and punitive damages.

Defendant now moves for partial summary judgment denying Plaintiffs' claim for punitive damages.  Defendant argues that Plaintiffs' punitive damages claim should be denied because Plaintiffs cannot prove by clear and convincing evidence that Defendant's conduct was "wanton and willful."  See N.J. Stat. Ann. § 2A:15-5.12 (permitting recovery of punitive damages only when the plaintiff proves by clear and convincing evidence that defendant's conduct was "wanton and willful").  Plaintiffs respond that the following facts prove that Defendant's conduct was wanton and willful:  (1) Defendant knew that driving while intoxicated could harm or kill another person; (2) Defendant consumed at least nine alcoholic beverages during the seven hours prior to the crash and had a blood alcohol content of .14; (3) Defendant consumed alcohol in her vehicle while driving before crashing into Mrs. Hipple; (4) Defendant was familiar with "Mothers Against Drunk Driving" and had "preached" to her children about the harms of drinking and driving; (5) Defendant was aware that thousands of people are killed every year in alcohol-related accidents; (6) prior to the crash, Defendant had conversations with her ex-husband, who worked as a mechanic, regarding vehicles that were wrecked by drunk drivers; and (7) at the time of the accident, Defendant was driving around looking to purchase

more alcohol, and was "listening to music and[] having a good time." (Pl.'s St. of Material Facts ¶ 5; Pl.'s Br. at 1-2).

## II. STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, the Court is not to make credibility determinations regarding witness testimony. Sunoco, Inc. v. MX Wholesale Fuel Corp., 565 F. Supp. 2d 572, 575 (D.N.J. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

However, to defeat a motion for summary judgment, the nonmoving party must present competent evidence that would be admissible at trial. See Stelwagon Mfg. Co. v. Tarmac Roofing Sys., 63 F.3d 1267, 1275 n.17 (3d Cir. 1995). The nonmoving party "may not rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions [or] conclusory allegations or suspicions" to establish the existence of a genuine issue of material fact. Fireman's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982) (citation omitted); see Fed. R. Civ. P. 56(e). "A party's failure to make a showing that is 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' mandates the entry of summary judgment." Watson v. Eastman Kodak Co., 235 F.3d 851, 857-58 (3d Cir. 2000) (quoting Celotex Corp., 477 U.S. at 322).

3

### III. DISCUSSION

Punitive damages are available in New Jersey under the Punitive Damages Act, N.J. Stat. Ann. § 2A:15-5.9 et seq. Under the Act, punitive damages may be awarded when a plaintiff proves by clear and convincing evidence that he suffered harm from a defendant's acts or omissions that were "actuated by actual malice or accompanied by a wanton and willful disregard for persons who foreseeably might be harmed by those acts or omissions." N.J. Stat. Ann. § 2A:15-5.12(a); see Nappe v. Anschelewitz, Barr, Ansell & Bonello, 477 A.2d 1224, 1230 (N.J. 1984) ("To warrant a punitive award, the defendant's conduct must have been wantonly reckless or malicious. There must be an intentional wrongdoing in the sense of an 'evil-minded act' or an act accompanied by a wanton and wilful disregard of the rights of another."). A plaintiff does not satisfy his burden by proving negligence or even gross negligence. N.J. Stat. Ann. § 2A:15-5.12(a).

In applying that standard to motor vehicle accidents caused by intoxicated drivers, New Jersey courts have held that the "fact that a driver who caused an accident was intoxicated is not by itself sufficient to support a claim of punitive damages against that driver." Ricca v. Cravello, A-1949-08T3, 2010 N.J. Super. Unpub. LEXIS 333, *7 (N.J. Super Ct. App. Div. Feb. 22, 2010) (citing Dong v. Alape, 824 A.2d 251, 258 (N.J. Super. Ct. App. Div. 2003)). Thus, "to be entitled to punitive damages, [a] plaintiff must establish, by clear and convincing evidence, that [the] defendant was intoxicated, that his intoxication was a cause of the accident, and that one or more separate aggravating circumstances were present to establish that [the] defendant's conduct was accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by his conduct." Dong, 824 A.2d at 259. Aggravating factors may include "[d]riving conduct immediately preceding the accident," whether the defendant fled the scene after the

4

accident, whether the defendant had a history of alcohol abuse and driving while intoxicated, and whether the defendant was aware of the risks associated with his alcohol use. Id. at 260-61. Courts must decide "on a case-by-case basis" whether aggravating factors are sufficient to establish that the defendant acted with wanton and willful disregard of risk to others. Ricca, 2010 N.J. Super. Unpub. LEXIS 333, at *8 (citing Dong, 824 A.2d at 259).

Applying those standards to the record in this case, the Court finds that a reasonable jury could award Plaintiff punitive damages. Plaintiff identifies essentially seven facts that she believes constitute aggravating factors justifying punitive damages: (1) Defendant knew that driving while driving intoxicated could harm or kill another person; (2) Defendant consumed at least nine alcoholic beverages during the seven hours prior to the crash and, when tested, had a blood alcohol content of .14; (3) Defendant consumed alcohol in her vehicle while driving before crashing into Mrs. Hipple; (4) Defendant was familiar with "Mothers Against Drunk Driving" and had "preached" to her children about the harms of drinking and driving; (5) Defendant was aware that thousands of people are killed every year in alcohol-related accidents; (6) prior to the crash, Defendant had conversations with her ex-husband, who worked as a mechanic, regarding vehicles that were wrecked by drunk drivers; and (7) at the time of the accident, Defendant was driving around looking to purchase more alcohol, and was "listening to music and[] having a good time." (Pl.'s St. of Material Facts ¶ 5; Pl.'s Br. at 1-2).

A reasonable jury could conclude from those facts that Defendant acted with wanton and willful disregard of the risk to others. Those facts establish that Plaintiff was aware of the risk posed by driving while intoxicated, that she was nevertheless well over the legal limit when she crashed, that she intended to obtain more alcohol and continue driving, and that she was drinking alcohol in her vehicle when she crashed. A reasonable jury could conclude that Defendant acted

5

without any regard for the known risks of driving while intoxicated, and, in fact, willfully created a serious risk of harm to others.[1]

## IV.     CONCLUSION

For the reasons discussed above, Defendant's motion for partial summary judgment is denied.  An appropriate Order shall enter.


Dated: 7/21/2011                                                                    /s/ Robert B. Kugler
                                                                                              ROBERT B. KUGLER
                                                                                              United States District Judge

---

[1] Defendant makes much of the fact that the damage to Plaintiffs' vehicle was minor and that Mrs. Hipple did not report any injuries at the scene.  Defendant notes that her "biomechanical expert" concludes that the minimal forces involved in the crash could not have caused Mrs. Hipple's purported back injury.  However, although the extent of Mrs. Hipple's injuries and property damage may be relevant to the appropriate amount of punitive damages, see N.J. Stat. Ann. § 2A:15-15.14 (b) (capping punitive damages at "five times" compensatory damages); Leimgruber v. Claridge Associates, Ltd., 375 A.2d 652, 656 (N.J. 1977) (holding that punitive damages "must bear some reasonable relation to the injury inflicted and the cause of the injury"), the extent of Plaintiffs' damages is irrelevant to whether the record can support a claim for punitive damages.  To survive summary judgment regarding punitive damages, Plaintiffs need only show that the evidence can support the conclusion that Defendant's conduct was "wanton and willful."  See Dong, 824 A.2d at 261.  Thus, the magnitude of Plaintiffs' damages is irrelevant on this motion.